**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

IN RE: STEPHEN F. O'NEIL                                Case No. 02-90592-DOT
    Chapter 13 Debtor

STEPHEN F. O'NEIL
    Plaintiff
v.                                                      Adversary Proceeding No. **08-03026-DOT**

INTERNAL REVENUE SERVICE
    Defendant

## MEMORANDUM OPINION AND ORDER

Defendant Internal Revenue Service (IRS) moves for summary judgment in this adversary proceeding that was filed by Stephen O'Neil for the purpose of declaring that federal tax obligations asserted by IRS were discharged in his chapter 13 case. The issue was initially raised when IRS filed a federal tax lien against O'Neil for tax periods both before and after the date of the bankruptcy filing and levied on O'Neil's property.

For reasons stated below, court finds that the tax obligations at issue were not discharged in O'Neil's bankruptcy. Accordingly, the motion for summary judgment will be granted and the complaint dismissed.

### Findings of Fact.

The court adopts the facts stated in the IRS proposed Conclusions of Fact and Law (docket 32, filed Oct. 7, 2008, paragraphs 1 - 12) and the statement of facts in IRS's Memorandum In Support of its motion for summary judgment (docket 24, #2 at 2-4). The following is a summary and includes additional facts revealed in the court's electronic case files.

Stephen O'Neil filed a chapter 13 case on December 9, 2002. His amended plan was confirmed by order of the court on July 9, 2003. On December 22, 2006, following completion

of his plan, he received a discharge in bankruptcy. In his schedules, O'Neil listed federal tax liabilities for which IRS filed claims and was paid in full. The scheduled tax liabilities were not the same as those that are the subject of this adversary proceeding.

At the time of his bankruptcy filing, O'Neil was president and sole proprietor of O'Neil Electric Service, Inc., (O'Neil Electric) This corporation failed to pay federal income taxes for 2002 and employment taxes for the fourth quarter of 2001 and the first three quarters of 2002. O'Neil's chapter 13 schedules did not list any assets or liabilities of O'Neil Electric, and IRS did not file a proof of claim in this bankruptcy case for O'Neil Electric's tax liabilities.

In 2003 IRS levied on accounts receivable of O'Neil Electric for its unpaid federal taxes. After the levies were filed, O'Neil caused O'Neil Electric to cease operating, and he formed Locust Hill Electrical Services, Inc., (Locust Hill) under which he began to operate his electric business and bill clients. In 2006, IRS made a determination that Locust Hill was the alter ego of O'Neil Electric and filed alter ego liens against Locust Hill for O'Neil Electric's taxes.

After IRS attempted to collect O'Neil Electric's tax liabilities from Locust Hill, O'Neil started a third electric company, Stephen O'Neil d/b/a Stephen O'Neil Electric. O'Neil operated under this latter name as a sole proprietorship beginning in the fall of 2006. In 2007, IRS determined that O'Neil's sole proprietorship was an alter ego of O'Neil Electric and Locust Hill and filed alter ego liens against it for the same taxes.

In January 2008, O'Neil sold individual assets, and IRS levied on the proceeds of the sale in attempting to collect the alter ego tax liability of the sole proprietorship that had devolved from O'Neil Electric and Locust Hill. The taxes in issue are those of O'Neil Electric described above.

Positions of the Parties.

O'NEIL'S POSITION

O'Neil scheduled federal tax liabilities in his chapter 13 case, and the IRS proof of claim for these liabilities was paid in full. After he received his discharge, IRS filed a tax lien for tax periods both before and after the petition date. O'Neil asserts that IRS cannot now claim tax liabilities for pre-petition taxes on an alter ego theory, that there is no factual evidence in the record for alter ego liability other than the conclusory statements of IRS, and that O'Neil committed no fraud. He further argues that the Fourth Circuit has held that alter ego liability may not be imposed in the absence of fraud.

In sum, O'Neil argues that the pre-petition tax debts claimed by IRS "must necessarily be discharged. . . . No creditor has the right to ignore the provisions of the Bankruptcy Code and impose post-petition liability for pre-petition claims." (O'Neil Proposed Findings of Fact and Conclusions of Law. Docket 33 at 2.)

INTERNAL REVENUE SERVICE'S POSITION

The tax liabilities at issue were not included in debtor O'Neil's chapter 13 schedules. The liabilities are the result of alter ego liability determinations against entities other than O'Neil that were imposed after he filed his petition. IRS argues that a chapter 13 debtor cannot discharge the debts of his company in a personal bankruptcy case when he has not scheduled the debts or the assets of the company or provided for them in the plan. "[T]o the extent O'Neil is liable for the tax debts of his [sole proprietorship], those debts are postpetition debts with respect to the debtor and therefore not subject to discharge." (IRS Conclusions of Fact and Law. Docket 32 at 3.)

Discussion and Conclusions of Law.

Debtor Stephen O 'Neil filed a chapter 13 case in 2002, completed his plan, and received a discharge in 2006. His schedules included federal tax liabilities individually owed by debtor; those liabilities were paid under his plan. In 2007, IRS imposed tax liability on O'Neil on a successor or alter ego basis for taxes of his wholly owned corporation. Part of this new liability represented tax obligations of the corporation incurred before the date of O'Neil's chapter 13 filing. After IRS filed a tax lien and levied on O'Neil's individual assets, he filed this adversary proceeding that asks the court to determine the pre-petition liabilities based on taxes of the corporation were discharged in his chapter 13 case. IRS moves for summary judgment on the basis that the corporate successor liability imposed on O'Neil represents post-petition liability that was not discharged in the chapter 13 case.

The issue presented is novel. Bankruptcy Code § 1328(a) provides that a chapter 13 debtor receives a discharge of all debts provided for in the plan.[1] O'Neil asserts that his scheduling and payment of trust fund tax liabilities in the chapter 13 discharged any liability he might have for the taxes of his wholly owned corporation that are imposed upon him post-petition by way of successor liability.

The court must reject O'Neil's position. The plain language of § 1328(a) provides a discharge for debts provided for in the plan. The present tax liabilities of O'Neil Electric were plainly not provided for in his chapter 13 plan and cannot have been discharged under § 1328(a). Governmental proofs of claim in this case were due by June 8, 2003. For the court to hold that on

---

[1] O'Neil's case was filed in 2002 prior to the enactment of the revision of the Bankruptcy Code known as BAPCPA. Thus, the revised § 1328(a) is not applicable here.

that date IRS should have been able to foresee the events that caused the liability for which IRS now seeks to recover would be unrealistic and impracticable.

Addressing the issue argued by the parties, i.e., whether the taxes in question were pre-petition or post-petition as to O'Neil, is somewhat more complicated. The court agrees with the IRS argument that, if done properly, the imposition of the taxes on O'Neil in 2007 was a post-petition liability, notwithstanding that the corporation incurred the debt before O'Neil's chapter 13 case. The complication is the propriety of the alter ego, successor liability imposition of the taxes from O'Neil Electric to Locust Hill to debtor. IRS cites case authority for its actions. While the cases generally support the IRS position, the cases all include substantial factual findings to support the successor liability findings. In this case, we have only the summary conclusions, without supporting evidence (or allegations), that the imposition of successor liability was proper under principles of Virginia law. Further, IRS has not asserted that its determinations have the benefit of a presumption of correctness. Under the present record, it seems likely that the IRS's position is well taken, but the record is not strong enough to support the granting of a motion for summary judgment to the effect that the subject liabilities are post-petition for O'Neil individually. Additional evidence would be required for such a determination.

However, in view of the court's previous finding that the subject taxes were not discharged in the chapter 13 case, there is no need for further proceedings. Accordingly,

IT IS ORDERED that judgment is entered for defendant Internal Revenue Service, and the complaint is dismissed.

Signed: <u>December    , 2008</u>

    /s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

Copies to:

Robert A. Canfield, Esquire
Canfield, Baer, Heller & Johnston, LLP
2201 Libbie Avenue, Suite 200
Richmond, Virginia 23230
*Counsel for Plaintiff*

Duston K. Barton, Esquire
Department of Justice
P.O. Box 227
Washington, DC 20044
*Counsel for Defendant*